ASSOCIATION OF MILK DEALERS OF METROPOLITAN NEW YORK, INC., et al., Appellants, *v.* CITY OF NEW YORK, Respondent.

First Department, September 15, 1960.

*Harry Polikoff* (*Glenn S. Dennis, John E. Noakes* and *Cecil I. Crouse* with him on the brief), for appellants.

*Fabian G. Palomino* of counsel (*Seymour B. Quel* and *Fred Iscol* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* On April 30, 1960, chapter 1073 of the Laws of 1960 became effective, amending subdivision 3 of section 1400 of the Public Health Law so as to add the following provision: '' Neither the commissioner nor any board of health of any local health district, or any other body exercising the powers and duties of a board of health therein, shall adopt or enforce any rule, regulation, direction, order or ordinance, requiring that bottles, cartons, jars or other containers of milk or cream shall have stamped thereon the hour or day of pasteurization, processing, packaging, sale or distribution for the purpose of the regulation thereof.''

The City of New York, on May 20, 1960, acted pursuant to chapter 1073 when the City Board of Health repealed its requirements for labeling milk and cream containers with the day of distribution (not more than 36 hours after pasteurization) (City Health Code, § 111.33, § 111.61, subd. [b], par. [9]).

On June 9, 1960, however, a bill passed by the City Council became effective as Local Law No. 36. This law amended the Administrative Code of the City of New York to require that milk containers sold or distributed in the city shall bear the

date of pasteurization (not distribution) and any other or different information which the City Department of Markets might require. It provided in part: "§ B36–96.0 Dating of certain milk product containers.— a. It shall be unlawful for any person, firm or corporation to distribute, give away, offer for sale or to sell milk, low sodium milk, enzyme milk, skim milk, cream or half and half unless the container thereof bears a label, legibly printed in English, on the side of the container or the outer cover cap, setting forth the date same has been pasteurized."

The State has enunciated unequivocally its policy with respect to the dating of milk receptacles, and the city may not enact any Local Laws to the contrary. It would appear, however, that the provisions of the Local Law are in direct conflict with those of the superior and paramount State law; and that in so legislating the City Council exercised "the powers and duties of a board of health". Moreover, in enacting the Local Law the City Council expressed concern with the health aspects of the situation to which the legislation was addressed and did not seem to limit its thrust to the protection of consumers against unpalatability, staleness and economic fraud. We are also not persuaded by the city's contentions that chapter 1073 was enacted exclusively as a health measure, particularly in view of the Governor's memorandum accompanying his approval of the measure.

We may not consider the wisdom or reasonableness of either the State or local legislation, but can only determine whether the Local Law contravenes the State law. Such a conflict has been sufficiently demonstrated to require the granting of the temporary relief sought herein.

The order appealed from should be reversed, on the facts and the law, and the motion for an injunction *pendente lite* granted, without costs.

Botein, P. J., Breitel, Rabin, Valente and McNally, JJ., concur.

Order, dated July 11, 1960, denying plaintiffs' motion for an injunction *pendente lite,* unanimously reversed, on the law and on the facts, and the motion for an injunction *pendente lite* granted, without costs. Settle order on notice.